UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INDIAN HOMES PROGRAMS, LLC SERIES III, | |
| Plaintiffs, | Case No. 2:15-cv-0026-JAD-NJK |
| vs. | REPORT AND RECOMMENDATION |
| NORTHWEST TRUSTEE SERVICES, INC., et al., | |
| Defendants. | |

Pending before the Court is Defendant Green Tree Service LLC's Motion to Dismiss. Docket No. 6. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 13, 15. This motion was referred to the undersigned for the preparation of a report and recommendation. *See* Rule 72(b).[1] The undersigned finds the motion properly resolved without oral argument. *See* Local Rule 78-2. Having reviewed the materials submitted and for the reasons discussed below, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED** and that the Complaint be **DISMISSED** without leave to amend.

**I.    APPLICABLE STANDARDS**

Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

provide a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id*. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Moreover, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff argues that the above standards do not apply in this case because the court sits in diversity, and that instead the lax pleading standards applicable in state court apply. *See* Docket No. 13 at 3-5. Plaintiff's position is untenable. "It is well-settled that the Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)). As such, the Ninth Circuit has expressly held that motions to dismiss must be evaluated under Rule 12(b)(6), as interpreted by the United States Supreme Court, in diversity cases that have been removed to federal court. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013). Accordingly, the Court should review the pending motion to dismiss through the lense of *Twombly* and *Iqbal*.

### III.   ANALYSIS

This case involves the parties' competing claims of ownership interests in the property located at 8217 Gunther Circle, as well as the ability of Defendant Green Tree Servicing to initiate foreclosure proceedings.[2] Plaintiff's complaint brings two causes of action. First, Plaintiff brings an action to quiet

---

[2] Plaintiff initially also named Northwest Trustee Services, Inc. as a defendant, but the claims against it were voluntarily dismissed on January 13, 2015. *See* Docket No. 4. As such, Green Tree Servicing LLC is the only remaining defendant in the case.

title. Second, Plaintiff brings an action for injunctive relief. The undersigned addresses each cause of action in turn below.[3]

### A.   Quiet Title

"A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Kemberling v. Ocwen Loan Serv., LLC*, 2009 WL 5039495, *2 (D. Nev. Dec. 15, 2009). "The burden of proof in a quiet title action rests with the plaintiff to prove good title in himself." *Estrada v. Goldman Sachs*, 2013 WL 5969817, *2 (D. Nev. Nov. 7, 2013) (citing *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996)). A claim to quiet title fails when the plaintiff took its assignment subject to the defendant's senior deed of trust that continues to encumber the property. *See Turbay v. Bank of Am., N.A.*, 2013 WL 1145212, *4-5 (D. Nev. Mar. 18, 2013).

Plaintiff's complaint alleges that it has superior title to the property because "the claims of Defendants are without any right whatever and said Defendants have no right, title, estate, lien, or interest whatever in the Subject Property." Compl. at ¶ 14. The public record belies that allegation, however, as Defendant holds a deed of trust in the Subject Property that was recorded on May 29, 2013. Docket No. 6-4. When Plaintiff obtained the Bankruptcy Trustee's quitclaim deed to the property on March 14, 2014, it was expressly "**SUBJECT TO ANY AND ALL CLAIMS, LIENS, AND OTHER ENCUMBRANCES**." Docket No. 6-5 at 1 (emphasis in original). To that end, the bankruptcy order states that "Buyer is purchasing the property **SUBJECT TO ALL EXISTING LIENS, INTERESTS, ENCUMBRANCES, AND CLAIMS, WITHOUT WARRANTY**." Docket No. 6-8 at 3 (emphasis in original). The bankruptcy order further states that secured creditors retain their liens for the full amount due under the subject loans and that the bankruptcy sale does not affect the secured creditors' ability to exercise their remedies against the subject property, including enforcing their security interests

---

[3] Plaintiff's response also contends that, in the event the Court dismisses its complaint, it is entitled to attorney's fees and costs pursuant to N.R.S. 107.080. *See* Docket No. 13 at 12. Plaintiff seeks the same relief through a separately-filed motion. Docket No. 20. Accordingly, the undersigned herein expresses no opinion as to this issue and will address it through a separate order resolving the pending motion for attorney's fees and costs.

by foreclosing on it. *Id.* at 4.[4]  Plaintiff's response to the motion to dismiss fails to explain how it could state a claim to quiet title in light of that public record.

The undersigned recommends that the Court take judicial notice of these public records and **DISMISS** Plaintiff's cause of action to quiet title.

B. <u>Injunctive Relief</u>

Plaintiff next attempts to bring a cause of action of "injunctive relief." Although not entirely clear, this cause of action is apparently based on two factual predicates. First, the claim appears to be based on the contention that Plaintiff is likely to prevail on the claim to quiet title. *See* Compl. at ¶ 20. Second, the claim appears to be based on the contention that proper notice was not provided with respect to Defendant's entitlement to proceed with the Trustee's Sale. *See* Compl. at ¶ 22.[5]  As Defendant correctly notes, however, a request for injunctive relief is not an independent cause of action, but rather a form of relief. *See, e.g.*, *Rivard-Crook v. Accelerated Payment Techs., Inc.*, 2012 WL 6138229, *2 (D. Nev. Dec. 10, 2012). Accordingly, the cause of action for injunctive relief should be dismissed. *See, e.g.*, *Turbay*, 2013 WL 1145212, at *5.

C. <u>Leave to Amend</u>

Plaintiff lastly asserts without elaboration that the Court should provide it with leave to amend to cure the above defects. *See* Docket No. 13 at 12-13. Plaintiff fails to explain how it can cure these defects. *See id.*  Courts look with disfavor on such bare requests for leave to amend. *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (affirming denial of leave to amend where the plaintiff "points to no additional facts that it might allege to cure [the identified]

---

[4] The Court may take judicial notice of these documents as matters of public record. *See, e.g.*, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). The consideration of these records dose not require converting Plaintiff's motion to dismiss into a motion for summary judgment. *See, e.g.*, *id.* (citing *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

[5] The disputed Trustee's Sale was canceled. *See, e.g.*, Docket No. 13 at 3. As such, any claim for injunctive relief arising out of purported notice inadequacies for that Trustee's Sale appears to be moot. *See, e.g.*, Docket No. 12 (denying motion for preliminary injunction as moot).

deficiencies").[6]  At any rate, it appears that the above defects cannot be cured so any amendment would be futile.

### III. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED** and that the Complaint be **DISMISSED** without leave to amend.

DATED: July 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

---

[6] Relatedly, in violation of Local Rule 15-1(a), Plaintiff failed to attach a proposed amended complaint by which the Court (and Defendant) can evaluate the sufficiency of any new allegations.