UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INDIAN HOMES PROGRAMS, LLC SERIES III, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC, a Delaware corporation; and, DOES 1-5, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-00026-JAD-NJK<br><br>**Order Adopting Report and Recommendation and Granting Motion to Dismiss**<br>**(ECF 6, 22)** |

Defendant Green Tree Servicing and plaintiff Indian Homes each argue they have superior title to the property located at 8217 Gunther Circle in Las Vegas, Nevada. Magistrate Judge Nancy Koppe considered Green Tree's motion to dismiss Indian Homes's claims for quiet title and injunctive relief. She recommends that I grant the motion and dismiss Indian Homes's complaint without leave to amend.[1]

Indian Homes filed objections on July 27, 2015—although it limited those objections to Judge Koppe's recommendation that it not be granted leave to amend. Conceding that it has no claim for quiet title or injunctive relief, Indian Homes maintains that it can nevertheless bring a claim under NRS 107.080(3), which governs the kind of notice that must be given by a foreclosing trustee. I have reviewed these objections de novo and conclude that they should be overruled, Judge Koppe's report and recommendation should be adopted, Green Tree's motion to dismiss should be granted, and Indian Homes's complaint should be dismissed without leave to amend because amendment would be futile.

---

[1] ECF 22.

**Background**

Indian Homes acquired an ownership interest in 8217 Gunther Circle in February 2014 through a bankruptcy trustee's quitclaim deed.[2]  The quitclaim deed made clear that it was "SUBJECT TO ANY AND ALL CLAIMS, LIENS, AND OTHER ENCUMBRANCES."[3]  The bankruptcy order reinforced this point, stating that "Buyer is purchasing the property SUBJECT TO ALL EXISTING LIENS, INTERESTS, ENCUMBRANCES, AND CLAIMS, WITHOUT WARRANTY."[4]

Green Tree held one of these encumbrances: a deed of trust it recorded in May 2013, nine months before Indian Homes obtained its quitclaim deed.[5]  Accordingly, it moved to dismiss Indian Homes's claims for quiet title and injunctive relief.[6]  Green Tree argues that the public record, when read together with the bankruptcy order, shows that Indian Homes cannot state a claim to quiet title: the sale of the property did not affect Green Tree's ability to exercise its right as a secured creditor to foreclose on the property.

In a report and recommendation issued in July 2015, Judge Koppe agreed.  She recommends I dismiss Indian Homes's cause of action to quiet title as well its request for injunctive relief.  She also recommends I deny Indian Homes's request for leave to amend, concluding that, in light of the public record, the defects in its complaint "cannot be cured so any amendment would be futile."[7]

Indian Homes filed objections—but only to Judge Koppe's recommendation that I deny it leave to amend.  Conceding the dismissal of its claims for quiet title and injunctive relief, it argues that it should be allowed to amend its complaint to add a claim for violation of NRS 107.080, which governs the kind of notice that must be given by a foreclosing trustee.  Because Indian Homes cannot

---

[2] ECF 13-1 at 2–3.

[3] ECF 6-5 at 1 (emphasis in original).

[4] ECF 6-8 at 3 (emphasis in original).

[5] ECF 6-4.

[6] ECF 6.

[7] ECF 22 at 4–5.

state a claim under NRS 107.080, amendment would be futile.

**Discussion**

Under 28 U.S.C. Section 636(b)(1)(B), magistrate judges may "conduct hearings" and submit "proposed findings of fact and recommendations for the disposition" to district judges. Section 636(b) further prescribes de novo review of these findings and recommendations by the district judge. Local Rule IB 3-2(b), however, requires de novo consideration of specific objections only.

The only objection Indian Homes raises relates to Judge Koppe's recommendation to deny leave to amend. It argues that this recommendation is "contrary to the liberal standard set forth in Rule 15(a)2 and the case law established by the Ninth Circuit."[8] The standard for granting leave to amend in the Ninth Circuit is indeed "generous."[9] "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."[10] But I agree with Judge Koppe that amendment in this case would be futile.[11] And "futile amendments should not be permitted."[12]

The amendment Indian Homes wishes to make concerns NRS 107.080(3), a notice requirement it claims Green Tree violated when foreclosing on the property.[13] But Indian Homes seems to have misread that section of the statute. As far as notice goes, Green Tree had the option to mail the notice of default and election to sell "to the grantor **or** to the person who holds the title of record on the date the notice of default and election to sell is recorded."[14] In this case, the grantor was Mrs. Robin Jacobson, and it is undisputed that Green Tree sent her the notice of default.[15] So

---

[8] ECF 24 at 6.

[9] *Balisteria v. Pacifica Polic Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).

[10] *Id.*

[11] *See* ECF 22 at 5.

[12] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quotations omitted).

[13] *See* ECF 24 at 5.

[14] NRS 107.080(3)

[15] *See* ECF 26 at 4; ECF 6-6.

even though Green Tree did not send the notice of default to Indian Homes, which was the holder of title, Green still complied with NRS 107.080(3). Accordingly, amending the complaint to include a claim based on this section of the statute would not result in a plausible claim for Indian Homes. I therefore overrule Indian Homes's objections, adopt Judge Koppe's Report and Recommendation, and grant Green Tree's motion to dismiss without leave to amend.

## Conclusion

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's Report and Recommendation **(ECF 22) is ADOPTED** and Green Tree's Motion to Dismiss (**ECF 6**) **is GRANTED**. Indian Homes's claims against Green Tree are dismissed with prejudice. The Clerk of Court is instructed to close this case and enter judgment accordingly.

DATED September 1, 2015.

_____
Jennifer A. Dorsey
United States District Judge